**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTEZ ANTHONY DICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-01099-AGF |
| | ) | |
| THOMAS KLOEPPINGER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Martez Anthony Dickson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $24.97. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $124.86. The Court will therefore assess an initial partial filing fee of $24.97, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the South Central Correctional Center in Licking, Missouri. He has filed a prisoner civil rights complaint in this Court under 42 U.S.C. § 1983. Because both the complaint and amended complaint implicate plaintiff's prior state court cases, the Court will recount the procedural history underlying the instant action.

On September 23, 1998, the State of Missouri filed a criminal complaint against plaintiff. *State of Missouri v. Dickson*, No. 22981-03434 (22nd Jud. Cir., City of St. Louis).[1] A grand jury returned a true bill of indictment on January 12, 1999, charging him with first-degree murder and armed criminal action. On January 19, 1999, the case was bound over on the indictment.

---

[1] Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Following a jury trial, plaintiff was convicted on both counts on November 19, 1999. *State of Missouri v. Dickson*, No. 22981-03434-01 (22nd Jud. Cir., City of St. Louis). On December 15, 1999, plaintiff was sentenced to life imprisonment without the possibility of parole for the first-degree murder, and life with the possibility of parole for the armed criminal action, the sentences to run consecutively.

Plaintiff filed a direct appeal. On June 5, 2001, the Missouri Court of Appeals affirmed his judgment. *State of Missouri v. Dickson*, No. ED77288 (Mo. App. 2001).

On September 4, 2001, plaintiff filed a motion to vacate or set aside his judgment pursuant to Missouri Supreme Court Rule 29.15. *Dickson v. State of Missouri*, No. 2201P-04155 (22nd Jud. Cir., City of St. Louis). His postconviction motion was denied on February 27, 2003.

Plaintiff appealed the denial of his Rule 29.15 motion on April 11, 2003. On December 16, 2003, the Missouri Court of Appeals affirmed the circuit court's denial of his motion. *Dickson v. State of Missouri*, No. ED82797 (Mo. App. 2003). The mandate was issued on January 21, 2004.

On May 24, 2004, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Dickson v. Roper*, No. 4:04-cv-639-RWS (E.D. Mo.). The petition was denied on July 25, 2007, and plaintiff did not file an appeal.

On September 28, 2018, plaintiff filed a petition in the state circuit court, seeking declaratory judgment under Missouri Supreme Court Rule 87. *Dickson v. State of Missouri*, No. 18AC-CC00399 (19th Jud. Cir., Cole County). Specifically, he sought a declaration that Missouri practices relating to the treatment of indicted persons violated the Equal Protection Clause of the Fourteenth Amendment. In support of this contention, plaintiff alleged that his indictment "was not founded by a duly convened grand jury [of] twelve citizens[,] where at least nine concur and

4

return a true bill." On June 8, 2020, the circuit court granted the State's motion for judgment on the pleadings, finding that plaintiff was attempting to challenge the validity of his conviction via a declaratory judgment, which is not permitted.

Plaintiff filed the instant civil action on October 14, 2022, naming St. Louis City Circuit Court Clerk Thomas Kloeppinger as the sole defendant.[2] (Docket No. 1 at 1). Court Clerk Kloeppinger was sued in his individual capacity only. The complaint was on a Court-provided form, and included a number of exhibits. Altogether, the complaint and exhibits totaled fifty-four pages. In the complaint, plaintiff accused defendant Kloeppinger of violating his constitutional rights by creating a false docket sheet with new docket entries. (Docket No. 1 at 6). According to plaintiff, these false entries denied him access to "the courts via habeas corpus, present or future, state or federal, [or] to litigate a[n] attack on the commitment order, sentence and judgment." (Docket No. 1 at 8).

On December 16, 2022, plaintiff filed an amended complaint under Federal Rule of Civil Procedure 15(a). (Docket No. 6). The filing of an amended complaint completely replaces the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). The Court will therefore treat the amended complaint as the operative pleading.

---

[2] The Court notes that this is not the first time plaintiff has sued defendant Kloeppinger in this Court. On September 20, 2017, he filed a 42 U.S.C. § 1983 action, accusing Kloeppinger of interfering with his civil rights by placing barriers on his ability to file a petition for writ of habeas corpus in the Circuit Court of the City of St. Louis. *Dickson v. Kloeppinger*, No. 4:17-cv-2448-RLW (E.D. Mo.). The Court dismissed the complaint on September 22, 2017, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court noted that its own review of Case.net showed that plaintiff's petition had been docketed, and then dismissed by the circuit court. The Court further determined that it lacked subject matter jurisdiction to review such state court decisions.

**The Amended Complaint**

Plaintiff's amended complaint is typewritten and not on a Court-provided form. He does not specifically identify the name of the defendant, though the Court assumes that he is referring to Court Clerk Thomas Kloeppinger, as in the original complaint. Defendant Kloeppinger is sued in both his official and individual capacities. (Docket No. 6 at 1). All told, the amended complaint and its attachments comprise forty-nine pages.

By way of background, plaintiff states that he "filed a declaratory judgment under case number 18AC-CC00399 in" Cole County, alleging that the State of Missouri violated the Fourteenth Amendment's Equal Protection Clause "by having two indictment proceedings [where] one class of indicted persons are afforded the indictment proceedings and the other class of indicted persons are not." He "attempted to prove this theory by showing that" the docket sheet for Case Number 22981-03434-01 indicates "that a grand jury indictment was filed on" January 19, 1999, "but this same judicial record fails to show if this indictment was returned a true bill of indictment by a duly convened grand jury."[3]

During his declaratory judgment proceedings, plaintiff states that he filed a motion for summary judgment, setting out these "undisputed facts." When the State of Missouri responded to his motion, plaintiff states that it "denied that the Twenty Second Judicial Circuit Court docket sheet under case number 22981-03434-01 showed that a [January] 19, 1999 grand jury indictment was filed." (Docket No. 6 at 2).

---

[3] As noted above in the "Background" section, this statement is contradicted by the docket sheet for *State of Missouri v. Dickson*, No. 22981-03434 (22nd Jud. Cir., City of St. Louis), which clearly indicates that a true bill of indictment was returned on January 12, 1999.

Based on these facts, plaintiff presents three separate causes of action. First, he alleges a violation of the Sixth Amendment,[4] stating that it "guarantees the right of all accused to be informed of the cause and nature of the accusation against them." In particular, plaintiff states that on January 27, 2020, he requested a certified copy of the January 19, 1999 indictment, so that he could "refute [the State of Missouri's] position that it did not exist." He asserts that "[u]pon information and belief, defendant was legally obligated to turn over a copy of the grand jury indictment," because according to the docket sheet for Case Number 22981-03434-01, he "has yet to be informed of the cause or nature of the [January] 19, 1999 grand jury indictment." Plaintiff also claims that he "has yet to be brought before the court under case number 22981-03434-01, so plaintiff do[es] not know what charges the [January] 19, 1999 indictment charge." The Court notes that not only has plaintiff been brought before the circuit court on this case number, but he was convicted after a jury trial on November 19, 1999.

In his second cause of action, plaintiff asserts that his right to due process was violated by "the creation and falsification of a new case number with new docket sheet entries designed to conceal constitutional violations." (Docket No. 6 at 3). He asserts that instead of providing him with a copy of the January 19, 1999 grand jury indictment, "defendant maliciously provided plaintiff with a new case number that contained new docket sheet entries [that] he knew to be false, without notifying the judge." Plaintiff further states that "defendant was legally obligated to notify the judge" before "forcing plaintiff's reliance on a new docket sheet that contained new docket sheet entries." This notification was required by law, "because it is the special duty of judges to

---

[4] The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." U.S. Const. amend. VI.

require that records and files are properly maintained and that docket sheet entries are made at the proper times."

Plaintiff specifically accuses defendant of "maliciously" removing "from the original docket sheet the entry showing that on [January] 19, 1999[,] plaintiff was bound over on a previously filed indictment…and deliberately replaced it with an entry he knew to be false, showing that" a true bill of indictment had been returned and filed on January 12, 1999. Plaintiff believes that "defendant deliberately created this entry because he knew that the [January] 19, 1999 grand jury indictment was not found by a duly convened grand jury." (Docket No. 6 at 4). He also contends that "defendant deliberately created this entry because he knew that plaintiff was never notified of the [January] 19, 1999 grand jury indictment," and "to try to [legitimize] the" January 12, 1999 true bill of indictment.

The support plaintiff provides for this allegation is that he was actually "convicted, sentenced, and committed under case number 981-3434." He states that defendant's purported failure to turn over a copy of the January 19, 1999 grand jury indictment in Case Number 22981-03434-01 violated his constitutional rights, as did the creation of a "new" case number in 22981-03434, along "with a new docket sheet that contained new docket sheet entries" that defendant "knew to be false."

In his third cause of action, plaintiff asserts that he has been denied the right to access the courts "via habeas corpus" with regard to his "commitment order, sentence and judgment, under Case Number 981-3434." (Docket No. 6 at 5). Plaintiff argues that if he had received a copy of the January 19, 1999 grand jury indictment in Case Number 22981-03434-01, he would have used it to "refute" the State of Missouri's "position that it did not exist."

Next, plaintiff claims that he would have "presented a copy of the grand jury indictment before a judge in a writ of habeas corpus[,] alleging that" his commitment, sentence, and judgment "under case number 981-3434 was defective upon its face because the actual charging instrument is under case number 22981-03434-01 and not under case number 981-3434." (Docket No. 6 at 5-6). Furthermore, plaintiff would have used the grand jury indictment to argue it was "defective upon its face because the probable cause finding was based on the prosecutor's untested accusation of probable cause and not a duly convened grand jury." (Docket No. 6 at 6). Based on that, he states he would have requested time served for second-degree murder. According to plaintiff, however, "defendant's deliberate and malicious actions" have caused this issue to be "forever lost."

With regard to relief, plaintiff first seeks a declaratory judgment that defendant deliberately created "a new case number with new docket sheet entries" that "he knew to be false, without notifying the judge," and that the creation of this new docket sheet "was deliberately and maliciously done with the intent to create a docket sheet that showed that plaintiff was afforded the indictment procedural safeguards." (Docket No. 6 at 7). He further wants a declaration stating that Case Numbers 22981-03434 and 22981-03434-01 "can not be relied on to prove such procedural safeguards were afforded to plaintiff," and that the "new case number with new docket sheet entries did, in fact, destroy plaintiff's ability to access the court."

Plaintiff also wants an injunction ordering defendant Kloeppinger to "[d]estroy any and all records under case number 22981-03434," including "actual copies of the January 12, 1999 grand jury indictment(s)." (Docket No. 6 at 7-8). Additionally, he wants the Court to order Kloeppinger to destroy all the records pertaining to Case Number 22981-03434-01, including the January 19, 1999 grand jury indictment. (Docket No. 6 at 8). In short, he wants the Court to remove both

22981-03434 and 22981-03434-01 "from the Missouri state automation record keeping system," and to turn over "a certified, accurate, and authentic copy of the entire legal file under case number 981-3434," which he claims is the actual case number under which he was sentenced.

Lastly, plaintiff seeks compensatory and punitive damages in an unspecified amount.

Attached to the amended complaint are a number of exhibits, which the Court has reviewed and will treat as part of the pleadings.[5]

Exhibit A is the docket sheet for *State of Missouri v. Dickson*, No. 22981-03434-01 (22nd Jud. Cir., City of St. Louis). (Docket No. 6 at 13). Based on the date stamp, the docket sheet was printed out on June 3, 2013. According to plaintiff, he received this copy from former St. Louis Circuit Court Clerk Jane Schweitzer. (Docket No. 6 at 9). He claims that it shows the grand jury indictment being filed on January 19, 1999, but that it fails to show if the grand jury "returned a true bill or a none true bill of indictment by a duly convened grand jury." Plaintiff further states that the document fails to show what charges the indictment was founded upon, but indicates that his case "was bound over on a previous[ly] filed indictment." However, the docket sheet "does not show the date the previous…indictment was filed or if the previous[ly] filed indictment was returned a true bill or a none true bill of indictment." (Docket No. 6 at 9-10). Plaintiff also insists that the docket entry does not show an indictment "filed under case number 981-3434," or that Case Number 22981-03434-01 was consolidated with any other case number. (Docket No. 6 at 10).

---

[5] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

Exhibit B is the State of Missouri's brief in opposition to plaintiff's motion for summary judgment in his state court declaratory judgment action. (Docket No. 6 at 25). In particular, plaintiff focuses on the first paragraph of the first page of the brief, which he insists shows the State of Missouri denying that an indictment was filed on January 19, 1999. (Docket No. 6 at 22). He further asserts that the State affirmed that plaintiff "was bound over on a previously filed indictment," but that there is no indication as to "when the indictment was returned." Plaintiff also states that the brief "does not show when the previous[ly] filed indictment was filed," nor does it contain any "entries showing…case number 22981-03434-01." (Docket No. 6 at 22-23).

Exhibit C is a subpoena plaintiff filed in the 22nd Judicial Circuit Clerk's Office, requesting a "certified copy of the indictment filed on January 19, 1999, under cause number 22981-03434-01)." (Docket No. 6 at 39).

Exhibit D is the docket sheet for *State v. Dickson*, No. 22981-03434 (22nd Jud. Cir., City of St. Louis), which was apparently printed on February 6, 2020. (Docket No. 6 at 43). Plaintiff alleges that the docket sheet "was turned over…by defendant," and "shows false docket entries created by defendant." (Docket No. 6 at 40). More particularly, he states that the docket sheet contains "the false entry that true bills of indictment(s), purportedly by a duly convened grand jury, were [returned] and filed on January 12, 1999." Plaintiff also maintains that the docket sheet does not show an indictment filed under Case Number 981-3434, or an entry showing that Case Number 22981-03434-01 was consolidated with any other case number.

Exhibit E is a "Sentence and Judgment" for first-degree murder and armed criminal action, filed on December 15, 1999 in plaintiff's criminal case. (Docket No. 6 at 47). This court order is on a preprinted 22nd Judicial Circuit Court form, and in the blank line for the "Cause No.," Judge Wilson wrote: "981-3434." Because this handwritten number does not have the prefix "22," or end

11

with "01," plaintiff apparently contends that it belongs to an entirely separate case, for which he has not been indicted. (Docket No. 6 at 45). He states that his sentence and judgment belong "under case number 981-3434," that 981-3434 is "[t]he only case number affixed to this document," and that the order "does not show case number(s) 22981-03434-01 or 22981-03434."

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, accusing Clerk of Court Kloeppinger of – among other things – creating a false docket sheet with false entries, and doing so for malicious reasons. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's allegations fail to state a claim, that the relief he seeks is not appropriate in a § 1983 action, and that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, this action will be dismissed without prejudice.

### A. Official Capacity Claim

Plaintiff has sued defendant Kloeppinger in his official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir.

12

2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, defendant Kloeppinger is alleged to be the 22nd Judicial Circuit Clerk. Under Missouri law, circuit clerks are generally "considered state employees for all purposes except the manner of their selection, appointment or removal from office." RSMo § 483.083.4. However, "the circuit clerk of the city of St. Louis...shall continue to be paid by the city...and shall not become state employees." *Id*. As defendant Kloeppinger is an employee of the City of St. Louis, the official capacity claim against him is treated as being made against the city itself.

A local governing body such as the City of St. Louis can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of St. Louis.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*,

13

486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging

14

a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff has not presented any facts supporting the proposition that the City of St. Louis violated his rights due to an unconstitutional policy or custom, or a deliberately indifferent failure to train or supervise.

First, with regard to policy, plaintiff refers to no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [City of St. Louis's] governing body" as being at issue in this case. Certainly, there are no facts alleging that the purportedly "false" docket sheet in this case was created pursuant to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Instead, plaintiff's facts – such as they are – frame defendant Kloeppinger's actions in terms of maliciousness, not as "a deliberate choice to follow a course of action made from among various alternatives by" City of St. Louis policymakers. *See Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005).

Second, as to custom, plaintiff has not demonstrated the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" City of St. Louis employees, much less that city policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. Rather than a pattern, plaintiff focuses on a single occurrence wherein he accuses defendant Kloeppinger of essentially fabricating a court case. The Court cannot infer the existence

of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Third, plaintiff has not adequately demonstrated that the City of St. Louis has been deliberately indifferent in training or supervising their employees. To show such deliberate indifference, plaintiff must allege that St. Louis "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." This notice is typically provided by establishing a "pattern of similar constitutional violations by untrained employees." As noted above, however, plaintiff has not presented facts describing a pattern in this case. That is, he has proffered no allegations demonstrating that other docket sheets or docket entries were fabricated in other cases, thereby alerting St. Louis officials to an ongoing problem.

Finally, to the extent that plaintiff seeks to hold the City of St. Louis liable for employing defendant Kloeppinger, the Court notes that a municipality cannot be held liable merely because it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality…cannot be liable on a respondeat superior theory"). *See also Andrews v. Fowler*, 93 F.3d 1069, 1074 (8th Cir. 1996) ("A local government may not be sued under [42 U.S.C.] § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior").

For all these reasons, plaintiff has failed to state a municipal liability claim against the City of St. Louis. Thus, his official capacity claim against defendant Kloeppinger – which is treated as being made against his employer, the city itself – must be dismissed.

## B.  Individual Capacity Claim

Plaintiff has also sued defendant Kloeppinger in his individual capacity. Individual liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir.

16

2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff sets forth three causes of action against defendant, all related to his 1999 conviction in state court. None of these causes of action are sufficient to state a claim against defendant in his individual capacity. That is, plaintiff has not presented factual allegations demonstrating that defendant's personal actions resulted in the violation of one of plaintiff's constitutional rights.

### i.    First Cause of Action

Plaintiff's first cause of action asserts that he requested a certified copy of his January 19, 1999 grand jury indictment on January 27, 2020. He goes onto allege that he has yet to be informed of the nature of the January 19, 1999 grand jury indictment, and "has yet to be brought before the Court under case number 22981-03434-01." This is insufficient to state an individual capacity claim under 42 U.S.C. § 1983.

To begin, the Court notes that while plaintiff asserts that he requested a copy of his indictment, he never expressly states that he did not receive it. To the contrary, plaintiff has attached as an exhibit a brief from the State of Missouri, filed in plaintiff's state court declaratory

judgment action. This exhibit – Exhibit B – indicates that plaintiff had a copy of his true bill of indictment, and that he submitted this document as an exhibit in *Dickson v. State of Missouri*, No. 18AC-CC00399 (19th Jud. Cir., Cole County).[6] If plaintiff has received a copy of his grand jury indictment, then defendant Kloeppinger obviously cannot be held constitutionally liable for failing to send it to him.

Even if the Court were to assume that defendant Kloeppinger failed to send him a copy of the grand jury indictment, plaintiff has not shown that Kloeppinger committed a constitutional violation sufficient to support an action under 42 U.S.C. § 1983. *See Kohl*, 5 F.3d at 1149 (requiring a causal connection between defendant's acts and the alleged deprivation of plaintiff's rights). Specifically, plaintiff has not presented facts showing that defendant personally knew of or was aware of plaintiff's request. Moreover, he has not alleged that defendant personally refused to fulfill such a request.

Instead of facts establishing defendant Kloeppinger's individual actions, plaintiff appears to rely on Kloeppinger's supervisory position as the Clerk of Court. Vicarious liability, however, is inapplicable to § 1983 suits. *See Marsh*, 902 F.3d at 754. Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). A supervisor may be liable for failing to train his employees "if he (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). As already noted, there is nothing in the amended complaint that demonstrates defendant Kloeppinger's direct participation in any acts

---

[6] The Court notes that the Circuit Court of Cole County sealed plaintiff's exhibits upon the filing of his petition for declaratory judgment.

whatsoever. Likewise, plaintiff does not allege a pattern of unconstitutional acts that would have put Kloeppinger on notice that his training methods were inadequate.

The Court also notes that plaintiff's assertion that he has not been informed of the nature of the charges in *State of Missouri v. Dickson*, No. 22981-03434-01 is absurd on its face. Review of plaintiff's exhibits, as well as Case.net, indicate that a true bill of indictment against defendant was returned on January 12, 1999, that he was arraigned on January 19, 1999, that voir dire of jurors began on November 15, 1999, that he was convicted by a jury on November 19, 1999, and that he was sentenced on December 15, 1999. Plaintiff then filed an appeal – which did not include any argument that he had not been informed of the charges against him – which ended in the Missouri Court of Appeals affirming his judgment. A postconviction motion and appeal followed, both of which were unsuccessful. All of this strongly belies plaintiff's suggestion that he "has yet to be brought before the court under case number 22981-03434-01," and that he does not know upon which charges he was indicted. In any event, the events in plaintiff's underlying criminal case took place nearly twenty-three years ago, at a time when defendant Kloeppinger was not the Clerk of Court, and therefore not responsible for informing plaintiff of his charges.[7]

For all these reasons, the individual capacity claims against defendant Kloeppinger in plaintiff's first cause of action must be dismissed.

### ii.    Second Cause of Action

In plaintiff's second cause of action, he accuses defendant Kloeppinger of maliciously removing a docket sheet and replacing it with a false entry. Indeed, he insists that defendant created an entirely new case number – 22981-03434 – in an apparent effort to show that a true bill of indictment was returned, because the docket sheet for Case Number 22981-03434-01 showed only

---

[7] Exhibit D, a copy of plaintiff's December 15, 1999 sentencing order, indicates that the Clerk of Court at that time was Mariano Favazza. (Docket No. 6 at 47).

that plaintiff had been "bound over on previous indictment filed." Plaintiff's entirely unsupported conclusions are insufficient to state a plausible individual capacity claim.

The Court must accept the allegations contained in the amended complaint as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Nevertheless, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). *See also Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (explaining that a court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts"). In other words, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). "A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief." *Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018).

Plaintiff's contention that defendant Kloeppinger fabricated an entirely new case replete with false docket entries is entirely speculative, implausible, and amounts to an unsupported conclusion that is entitled to no weight. There is not a single fact showing *when* Kloeppinger allegedly created this new case, *how* he could have created it, or *why* he would have done so. Plaintiff asserts that Kloeppinger acted with malice, yet presents nothing to indicate Kloeppinger's actual motive for undertaking such a drastic action, an action that would jeopardized Kloeppinger's career for no readily apparent reason, and which was – if plaintiff is believed – easily discovered by a mere glance at the docket sheet.

The Court's own review of plaintiff's exhibits, as well as his underlying criminal case, turns up no suggestion that *State of Missouri v. Dickson*, No. 22981-03434 (22nd Jud. Cir., City of St. Louis) was falsely created by defendant Kloeppinger at some point in the year 2020. Rather, plaintiff has apparently misunderstood Missouri's criminal process, wherein probable cause must first be determined by a preliminary hearing or grand jury.[8] Here, Case Number 22981-03434 is the original pre-bind-over case number, which was assigned when a criminal complaint was filed against plaintiff on September 23, 1998. On January 12, 1999, a grand jury returned a true bill of indictment for one count of first-degree murder, and one count of armed criminal action. At that point, plaintiff's case was bound over for arraignment under Case Number 22981-03434-01, and Case Number 22981-03434 was terminated.

Plaintiff's misapprehension of this process – willful or otherwise – has led him to argue that Case Number 22981-03434 was created long after Case Number 22981-03434-01, in order to give the latter case legitimacy. In fact, Case Number 22981-03434 was filed first, and was a necessary step *before* plaintiff's criminal case could ever proceed to arraignment and trial. The Court's review of these two case numbers on Case.net – of which the Court takes judicial notice – establishes that the usual procedure was followed. Plaintiff's contention elsewhere, and his baseless accusation that defendant Kloeppinger invented Case Number 22981-03434, is entirely without support.

Plaintiff also presents an alternative proposition, in which he alleges that his actual case number is 981-3434, and that he was never charged, tried, or convicted under Case Number 22981-03434-01 in the first place. This theory rests upon the circuit court's December 15, 1999 sentencing order. As noted above, this court order is on a preprinted 22nd Judicial Circuit Court form, and in

---

[8] *See The Court Process*, available at https://ago.mo.gov/docs/default-source/publications/courtprocess.pdf?sfvrsn=4

the blank line for the "Cause No.," Judge Wilson wrote: "981-3434." Because this handwritten number does not have the prefix "22," or end with "01," plaintiff insists that it belongs to an entirely separate case. (Docket No. 6 at 45). He states that his sentence and judgment belong "under case number 981-3434," that 981-3434 is "[t]he only case number affixed to this document," and that the order "does not show case number(s) 22981-03434-01 or 22981-03434."

This contention is groundless. The Court's review of Case.net, as well as plaintiff's own attached exhibits, demonstrates that this order was filed in *State of Missouri v. Dickson*, No. 22981-03434-01 (22nd Jud. Cir., City of St. Louis) on December 15, 1999, and that it rightly belongs there. The sentencing order is for one count of first-degree murder and one count of armed criminal action, the two charges on which plaintiff was indicted by a grand jury. The judge's decision to use a shorthand version of the case number on a preprinted form does not somehow create an entirely new case, thereby providing a seam through which plaintiff can slip out of his conviction. Ultimately, it is clear that plaintiff is attempting to use a single court order, along with his own interpretation of two docket sheets – which by their nature includes only limited information – in an attempt to cast doubt upon his 1999 criminal conviction. This attempt must fail.

For these reasons, the individual capacity claims against defendant Kloeppinger in plaintiff's second cause of action must be dismissed.

### iii.    Third Cause of Action

Plaintiff's third cause of action insists that defendant Kloeppinger's purported actions have denied him his right to access the court via habeas corpus. This assertion can be broken down into three parts, none of which state a claim under 42 U.S.C. § 1983.

First, plaintiff states that defendant Kloeppinger's failure to provide him with a copy of the January 19, 1999 grand jury indictment prevented him from refuting the State of Missouri's

"position that it did not exist." This is in reference to the State's brief, filed in the declaratory

judgment action in *Dickson v. State of Missouri*, No. 18AC-CC00399 (19th Jud. Cir., Cole County).

As discussed above, plaintiff has not presented any facts that Kloeppinger is personally responsible

for any failure to send plaintiff a copy of his indictment. Moreover, he does not explain how this

failure amounts to a constitutional violation, which is required for a claim under 42 U.S.C. § 1983.

*See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) ("To state a

claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States"). That is, plaintiff has not shown how his inability to "refute" the

State's "position" implicated the constitution or caused him any harm at all. To the contrary,

review of plaintiff's case indicates that it was dismissed as an improper collateral attack on his

conviction using a declaratory judgment action, and had nothing to do with plaintiff's inability to

present certain exhibits.[9]

Second, plaintiff states that defendant Kloeppinger's failure to get him a copy of his

indictment kept him from filing a petition for writ of habeas corpus, in which he would have

challenged his judgment "under case number 981-3434" as "defective upon its face because the

actual charging instrument is under case number 22981-03434-01." The Court has already noted

that this premise is faulty. The December 15, 1999 sentencing order that is attached as an exhibit

belongs to *State of Missouri v. Dickson*, No. 22981-03434-01 (22nd Jud. Cir., City of St. Louis),

and was filed in that case. Plaintiff says otherwise throughout his amended complaint, but his

---

[9] The Court notes that this assertion is also a misstatement of the State of Missouri's position, and is contradicted by
the April 10, 2020 "Response in Opposition to Motion for Summary Judgment," which is attached as an exhibit. At
no point does the State deny that a grand jury indictment was filed on January 19, 1999. Rather, the State specifically
explains "that on January 19, 1999, the Circuit Court made an entry that Petitioner was bound over on a previously
filed indictment," but "[t]hat does not indicate when the indictment was returned." The State was merely commenting
upon the limited information contained in the docket sheet presented as an exhibit, and not denying that a grand jury
indictment existed. In point of fact, the State expressly argues that a grand jury indictment was filed in plaintiff's case,
and that it conformed to Missouri law. The State also points out that plaintiff actually presented a copy of the
indictment as an exhibit, further undercutting his contention that he could not procure one.

repetitious assertions are insufficient to create an entirely new case, simply because the judge used a shorthand version of the case number in a preprinted sentencing form. Because his underlying argument is meritless, no constitutional violation attends from his inability to present it. In any event, the order upon which plaintiff rests his case was filed on December 15, 1999, after which he filed a direct appeal, a state Rule 29.15 motion to vacate, an appeal of the denial of that motion, and a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thus, his belief that he has been prevented from litigating this issue because – over twenty-two years later – he did not have a copy of his indictment, is not compelling. Plaintiff has had many opportunities to access the courts, and defendant Kloeppinger has done nothing to stop him.[10]

Finally, plaintiff alleges that the January 19, 1999 grand jury indictment was defective upon its face, asserting that "the probable cause finding was based on the prosecutor's untested accusation of probable cause and not a duly convened grand jury." This is nothing more than a bald legal conclusion, not entitled to any presumption of truth. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) ("A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Plaintiff presents no factual allegations to establish a duly convened grand jury was not convened, and provides no indication upon which to rest this conclusory accusation.

---

[10] Beyond the state procedural history provided in this order, which is most relevant to plaintiff's amended complaint, the Court notes that plaintiff has filed over a half-dozen other postconviction actions in state court. *See Dickson v. Bowersox*, No. 07TE-CV00065 (25th Jud. Cir., Texas County) (petition for writ of habeas corpus dismissed without prejudice as meritless on June 5, 2007); *Dickson v. Bowersox*, No. 07TE-CV00138 (25th Jud. Cir., Texas County) (petition for writ of habeas corpus denied on February 1, 2008); *Dickson v. Bowersox*, No. 13TE-CC00508 (25th Jud. Cir., Texas County) (petition for writ of habeas corpus denied on April 15, 2014); *Dickson v. Bowersox*, No. 14TE-CC00221 (25th Jud. Cir., Texas County) (petition for writ of habeas corpus denied on June 19, 2014); *In re Dickson*, No. SD3387 (Mo. App. 2015) (petition for writ of habeas corpus denied on May 11, 2015); *State ex rel. Dickson v. Bowersox*, No. SC95097 (Mo. 2015) (petition for writ of habeas corpus denied on July 28, 2015 for failure to pay initial partial filing fee); and *State ex rel. Dickson v. Bowersox*, No. SC95342 (Mo. 2015) (petition for writ of habeas corpus denied on December 22, 2015).

Moreover, plaintiff makes no effort to forge a causal connection between the 1999 grand jury and the personal responsibility of defendant Kloeppinger over twenty years later.

For these reasons, the individual capacity claims against defendant Kloeppinger in plaintiff's third cause of action must be dismissed.

### C.  Plaintiff Cannot Challenge Constitutionality of Conviction Under 42 U.S.C. § 1983

Though he asks for unspecified damages, plaintiff's main requests for relief are for the Court to declare that he was not granted adequate procedural safeguards in his criminal case; to "destroy any and all records" for *State of Missouri v. Dickson*, No. 22981-03434, and *State of Missouri v. Dickson*, No. 22981-03434-01; and to immediately remove these case numbers from Missouri's automated record keeping system. In other words, plaintiff seeks to have the Court erase his state criminal conviction, along with the documents that support it.

As set forth above, plaintiff has extensively litigated his criminal conviction since 1999. He filed a direct appeal, a state postconviction motion, an appeal of that postconviction motion, and a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Beyond that, plaintiff has filed a half-dozen other assorted postconviction actions, which have all been denied. When those all failed, plaintiff filed a declaratory judgment action in state court, which was dismissed as an improper attack on his conviction.

Here, again, plaintiff is trying to overturn his conviction. Because he has exhausted all other means, he attempts to do this using a prisoner civil rights action under 42 U.S.C. § 1983. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Wilkinson v. Dotson*, 544 U.S. 74, 78

(2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); and *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action"). For this reason as well, plaintiff's case must be dismissed.

### D. Plaintiff Cannot Recover Damages Under 42 U.S.C. § 1983 Where Judgment Implies Invalidity of Conviction

Plaintiff also seeks unspecified monetary damages in this case. However, the United States Supreme Court has determined that when a state prisoner seeks damages pursuant to 42 U.S.C. § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 488 (1994). If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id*. *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); and *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (explaining that *Heck* stood for proposition "that a prisoner should not be able to use a suit for damages to avoid established procedures, like habeas corpus, for challenging the lawfulness of the fact or length of confinement"). In other words, "to recover damages for allegedly unconstitutional conviction or imprisonment…a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

26

by a federal court's issuance of a writ of habeas corpus." *Marlowe v. Fabian*, 676 F.3d 743, 746 (8th Cir. 2012).

Here, plaintiff has accused defendant Kloeppinger of creating a new case number, creating new docket sheet entries, and failing to send him documents that he requested. Ultimately, though, these allegations are meant to undermine the legitimacy of his state court conviction for first-degree murder and armed criminal action. Specifically, plaintiff argues throughout the amended complaint that his grand jury indictment was defective, and that he was convicted without proper procedural safeguards. The entirety of his case rests upon the foundation that his underlying state court conviction was unconstitutional.

Having expended all other options in attacking his judgment, it is perhaps not surprising that plaintiff has attempted yet another collateral attack in the guise of a 42 U.S.C. § 1983 action. Nonetheless, these assertions clearly imply – and even directly allege – the invalidity of plaintiff's conviction and sentence, and he can only seek damages for such a claim under § 1983 if his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. None of these things have occurred. Therefore, plaintiff's § 1983 claim for money damages is barred, and the case must be dismissed.[11]

**E.  Motion Requesting Production of Documents and Information**

Plaintiff has filed a document titled "Motion Requesting Production of Documents and Information." (Docket No. 7). In the motion, plaintiff requests a copy of the docket sheet. Having

---

[11] The Court notes that plaintiff filed an earlier 42 U.S.C. § 1983 action in the United States District Court for the Eastern District of Missouri, claiming that his 1999 conviction for first-degree murder and armed criminal action was unconstitutional because he was falsely arrested, not properly indicted, and convicted based on a conspiracy between law enforcement and state court. *See Dickson v. Hill, et al.*, No. 4:14-cv-1897-TIA (E.D. Mo. Nov. 7, 2014). On December 12, 2014, the Court dismissed plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2)(B), as the claims in plaintiff's amended complaint were barred by *Heck v. Humphrey*. Plaintiff filed a notice of appeal. On April 10, 2015, the United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's judgment. *See Dickson v. Hill, et al.*, No. 15-1059 (8th Cir. 2015).

reviewed the motion, the Court finds that it should be granted, and that the Clerk of Court shall send to plaintiff a copy of the docket sheet in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $24.97 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion requesting a copy of his docket sheet (Docket No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the docket sheet in this case.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 16th day of February, 2023.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE